## DANIEL PARKER *versus* PETER PATTEE.

A Sheriff, who has attached goods upon mesne process, does not become a trespasser *ab initio* by any mistake or omission in his return upon the writ.

THIS was an action of trespass, *de bonis asportatis.* The cause was tried here upon the general issue, at April term, 1828, when it appeared in evidence that the defendant, being a deputy sheriff, took the goods mentioned in the declaration by virtue of a writ of attachment in favour of Gordon and Hayward, against one Palmer. The goods had been sold by Palmer before they were taken by the defendant to the plaintiff, but the sale was void as against the creditors of Palmer. The goods were taken by the defendant on the 9th November, 1821, and this action was commenced on the 21st March, 1822. The writ under which the defendant took the goods, was returnable in April, 1822. The plaintiff, in order to maintain the issue on his part, offered to show that the defendant took more goods than he returned upon the writ as attached. To this the defendant objected, and the court being of opinion that as the writ, under which the defendant took the goods, was not returnable till after the commencement of this action, and as the defendant when the suit was commenced, held the goods by virtue of a

valid attachment, the circumstance that he had omitted to mention in his return all the goods attached could not make him a trespasser, *ab initio*, so as to enable the plaintiff to maintain this action, rejected the evidence, and the jury having returned a verdict in favour of the defendant, the plaintiff moved for a new trial, on the ground that the evidence rejected, ought to have been received.

*Bowman*, for the plaintiff.

*Wilkins*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. It is a well settled general rule, that a mere nonfeasance shall not make an officer a trespasser *ab initio*. 2 Saund. 61, c & d.

But in some cases, an officer may, by mere nonfeasance, forfeit the protection of the process under which he acts, and become liable to be treated as a trespasser, although his conduct was in the first instance lawful. Thus if he neglect to return mesne process, he cannot be permitted to use it as a justification of any act he may have done under it. 1 Chitty, 186 ; 3 N. H. Rep. 229. This principle, which may be considered as an exception to the general rule, was adopted in England in very early times, and may have been originally founded on sound reasons, and have been salutary and convenient in practice. But while the ordinary mode of returning writs and adjusting actions shall remain among us what it always has been, a rigid application of this principle would often be exceedingly unjust and inconvenient. According to the common course of business, the sheriff, when he has served a writ, delivers it to the attorney of the plaintiff, and if the action be settled by the parties before entry, the writ remains with the attorney, and is never returned. Such being the general practice, it is very manifest, that it would be unjust to permit the sheriff to be treated as a trespasser where he had made an arrest of the body, or taken the goods, of the debtor, merely because he could not show the writ regularly re-

turned. And we believe the practice has been, when a suit has been brought against the sheriff in such a case, to permit him to file the writ under which he acted in the clerk's office for his protection. It seems, therefore, that the rule by which a sheriff forfeits the protection of process by not returning it, can rarely have any practical application in our system of jurisprudence, and if the question whether such a rule should be adopted, were now for the first time presented, it is not unlikely that it might be answered in the negative. For if the sheriff neglect to return process, he may be compelled by action to pay all damages sustained by such neglect, and this seems to be a sufficient penalty. We must, however, take the law as we find it. But with these views on the subject, we shall not be disposed to extend the rule to cases where it does not appear to have been heretofore applied.

We have met with no case in which it has ever been held, that an officer may become a trespasser, *ab initio*, merely by an omission or mistake in his return. When various articles are attached, the officer may inadvertently omit to mention a particular article, or may by mistake give a wrong name to an article. Some articles may be released by the creditor at the request of the debtor, and be on this account omitted in the return. We see no reason, why, in any of these cases, the officer should be treated as a trespasser.

If he unlawfully convert the goods to his own use, or suffer them to be lost, wasted, or injured by his negligence, he makes himself liable to the extent of the injury. But it seems not yet to have been decided, that an officer is liable in any shape for a mere defect in his return. Com. Dig. "Return" F 3 ; Cro. Eliz. 512.

We are, on the whole, of opinion, that there must be

*Judgment on the verdict.*