## SMITH *v.* MOORE & a.

If an officer attach logs which have been delivered by the debtor at a saw-mill, under a contract for their manufacture, of which the sawyer claims the benefit, and are actually in the progress of manufacture, it is not an abuse of process to suffer them to remain, and to suffer the sawyer to retain a part for his compensation, in conformity with a previous arrangement with the debtor.

Where an officer has omitted to specify in his return some of the articles that he has attached, he may prove by other evidence the fact that he did attach them, and his omission does not make him a trespasser *ab initio*.

Therefore the court will not allow him, upon doubtful evidence, and where there is nothing to amend by, to amend his return for the purposes of his own protection.

TRESPASS, for taking and carrying away a quantity of lumber. It appeared that on the 10th day of August, 1837, one David Trafton, to secure the payment of the amount due on his note for $1,000, payable to the plaintiff, mortgaged a quantity of lumber, described as " all the lumber that belongs to me, manufactured or in the log, at the mills in Bethlehem owned by Stevens and others, and also at the mills in the same town owned by Sibley and others — the whole valued at $500. This mortgage was not regularly recorded, and the defendants had no notice of it.

The defence was, that the defendant, Moore, on the 14th day of August, 1837, having a demand against Trafton, caused the same lumber to be attached by the defendant, Gile, a deputy-sheriff, who, after having caused it to be appraised, sold it, and applied the proceeds to satisfy a judgment obtained by Moore upon his demand, according to the statute.

It appeared that among this property appraised and sold on the writ, there were $4\frac{1}{4}$ M. of shingles, and 3,300 feet of plank, which were not specified in the return among the lumber attached, and on motion the court per-

mitted Gile to amend his return, so as to include them, upon his making his affidavit that he attached the plank which he intended to include under the item of " about 45 M. of boards," and that he attached the shingles which were appraised and sold, but which, through neglect, were not specified in his return. There was also evidence at the trial tending to show that Gile attached those articles.

It was also in evidence that the land from which all the lumber had been taken was sold by Moore to Trafton, and by him at the same time mortgaged to Moore, to secure the payment of the remainder of the purchase money, which mortgage Moore still continued to hold.

There was also among the things attached, and so returned by Gile, a lot of pine logs, estimated at twenty thousand feet, lying in the mill-yard of Messrs. Stevens & Co., which it appeared were manufactured, after the attachment, by Stevens & Co., into boards, clapboards and shingles. This had been deposited there by Trafton, who also, before the attachment or the mortgage, had agreed with the agent of Stevens & Co. to manufacture, which they did, partly before and partly after the attachment. For this service they retained some portion of the lumber, in pursuance of an agreement with Trafton, and received some money of Moore in payment. The logs that were unsawed at the time of the attachment were upon the ways at the mill, and the agent of Stevens & Co. went to Moore and insisted upon the benefit of their contract to saw them.

A verdict was entered for the defendant, subject to the opinion of the court upon the foregoing case.

*Bellows,* for the plaintiff. The defendants are trespassers. Four and one half thousand shingles and three thousand three hundred feet of plank, included in the plaintiff's mortgage, were taken by the defendants and sold, but do not appear by the return to have been attached. There is

no evidence that the parties supposed that they had attached them, or intended to do so. The proposal of the defendants to amend the return of the officer, is inadmissible, where the rights of other parties are liable to be affected. Besides, after the lapse of years, where all rests in the memory of the officer, and there is no means of showing its inaccuracy, he cannot amend. 13 Mass. 270; 3 N. H. Rep. 45. The case is different where there is something on the record to amend by. 9 N. H. Rep. 168; 3 Greenl. 200; 8 Mass. 240; 7 Greenl. 146; 9 Pick. 167; 6 N. H. Rep. 59. The officer cannot remember attaching the planks and shingles.

The defendants trespassed by manufacturing the lumber. They had no right to permit Stevens & Co. to have any of it. 3 N. H. Rep. 282. If they are trespassers as to any part of the proceedings, and abuse process, they are liable as to the whole. Ham. N. P. 58.

The defendants say they had right to the timber as mortgagees of the land from which it was taken; but they waived that right by attaching it as Trafton's.

*Ainsworth*, for the defendants.

GILCHRIST, J. By the attachment of the goods in controversy, which was made on the 14th of August, 1837, at the suit of Moore, Gile, the officer who served the process, obtained possession of them, with the right of disposing of them in the manner incident to such possession, and to the proper and effectual discharge of his duties. If he abused the process by which he obtained that possession, by converting the goods to his own use, by destroying them, or unnecessarily suffering them to be destroyed, or by appropriating them to objects not warranted by the purpose for which he held them, then he and his abettors became trespassers *ab initio*, and liable as if the taking had not been under color of the process. But this was

cumbersome property, not easily moved from the place where it was found, and therefore not necessarily required to be moved for any purpose connected with the attachment. *Hemmenway* v. *Wheeler*, 14 Pick 408; *Fettyplace* v. *Dutch*, 13 *id.* 388.

The consequence was that the attachment was made without disturbing any liens or other claims requiring for their preservation the possession of the parties in whose custody they were found, and without discharging which it would have been tortious as against such persons to have taken the property away. It appears that Jeremiah Stevens had, as the agent of a firm known as Stevens & Co., or Stevens, Walker & Co., at the request of Trafton, made long before the claim of either of the contending parties attached to the property, agreed with him, that he might leave the logs at their mill, to be sawed into lumber at the usual price, and the logs were delivered at the mill for that purpose, and under that contract. Stevens & Co. had proceeded so far in the execution of it as to have sawed a portion of the logs, and to have caused the remainder to be placed upon the ways preparatory to being rolled into the mill. Under these circumstances they set up through their agent a claim to the right under their contract to proceed and complete the manufacture of the lumber, which we are clearly of the opinion that a prudent regard to the rights and duties of all the parties did not justify the defendants in resisting. It is proper to remark, that this conclusion does not necessarily close all question that might, in the absence of the attachment, have been instituted by the plaintiff as to the exact extent of the rights over the property acquired by Stevens & Co. by the arrangement with Trafton. We place it upon the ground that here was a possession of the goods in Stevens & Co., acquired under the contract with Trafton; that the goods were of such a nature that their removal was not required to secure the objects of the attachment; that this

State *v.* Moore.

possession was claimed by Stevens & Co. for the purpose of completing the manufacture then in progress for the apparent benefit of all the parties concerned in the goods, and that a resistance of that claim would have been of doubtful validity, of no apparent benefit, and would have necessarily required the removal of the logs from the place where they had been placed for manufacture, at a considerable expense, which would have afforded the plaintiff, and Trafton also, not unreasonable ground of complaint.

This reasoning applies in part to the objection which has been taken to the defendants' permission to Stevens & Co. to retain a portion of the lumber for their compensation. It was an arrangement made by Trafton himself; and although it might have been done after the mortgage had been given by him to the plaintiff, the case shows no notice of that transaction as having come to the defendants at the time they acquiesced in it; nor, if they had received such notice, is it apparent that it was their duty under the circumstances to have resisted the claim, if it were a doubtful one.

Another objection is, that when it appeared, upon the trial, that some small portion of the goods that were appraised and sold under color of the attachment, were not specified in the officer's return, nor probably included in any general description which the return contained, of goods attached upon the process, the officer was permitted so to amend his return as to make it evidence of the attachment of these items of property, for his own protection.

The salutary rule of law which enables an officer to exhibit, for his own protection, the process under which he has acted, with his own return of his own doings annexed to or indorsed upon it, may, without any abuse of the principle on which it is based, be extended to amendments of such returns, when they can be made consistently. But

State *v.* Moore.

these amendments, in addition to the legal restraints depending upon the amount and kind of evidence required to justify them, are subject to the further condition, that they shall appear, in the discretion of the court, to be required by a sound expediency, and for the promotion of justice. *Whittier* v. *Varney,* 10 N. H. Rep. 291.

Without assuming to derive from the numerous cases on the subject any thing like a system of inflexible rules, it will serve the present purpose to say, that in general, amendments are allowed with great caution and reserve, in cases where there is nothing to amend by; that is to say, where the proceedings proposed to be amended contain nothing which shows that there has probably been a compliance with all the legal requirements of the case. This is certainly such a case. The return contains no evidence whatever that the goods in question were attached upon the process, except that it shows that in the sequel they were sold under the process which is the act complained of. The evidence upon which the amendment was allowed was of a nature to extend strong inducements to abuse, if established as a ruling precedent, it having been the affidavit of the party himself, wrung from the very pinch of the exigency, and relating, as was suggested in the argument, to an event too far removed in respect to time, to be presumed to have been very fresh in the deponent's memory.

Under such circumstances we think that such an amendment would, in the sound discretion of the court, be denied, unless required by the purposes of justice between the parties.

In *Parker* v. *Pattee,* 4 N. H. Rep. 530, it was held that an officer who has attached goods upon mesne process does not become a trespasser *ab initio* by the mere omission to specify some of them in his return. This case shows that it was a proper question to submit to the jury upon evidence *dehors* the return, whether the goods in contro-

versy had been attached upon the process. That the return, although the usual, is not the necessary evidence of the attachment; so that, although an officer enjoys the protection of a return, when seasonably made, and made simultaneously with the act performed, and not under the pressure of circumstances and upon the strength of a faded memory, yet, if he has omitted to secure to himself its benefits, when he might have done so, he is not to lose, in consequence, the protection of his official character and function; but, on the other hand, he may prove them as other facts *in pais* are proved.

Thus it appears that the defendants' case did not require the amendment which was granted upon grounds in other respects so highly questionable.

The verdict, had it proceeded upon other evidence, which it appears existed — that the goods were actually attached — would have concluded this question; but because the amended return was admitted, the verdict must be set aside and *A new trial granted.*